K. E. TOD, MARK DALLEY and GRETCHEN EGAN, RELATORS AND RESPONDENTS, v. CITY OF BILLINGS, a MUNICIPAL CORPORATION, WILLARD E. FRASER, as MAYOR OF THE CITY OF BILLINGS, WILLIAM J. FRY, as CLERK OF THE CITY OF BILLINGS, and DUANE SMITH, JOSEPH LEONE, CHARLES GLENN, CORNELIUS RIEDL, ET AL., RESPONDENTS AND APPELLANTS.

No. 11227.
Submitted May 12, 1967. Decided June 2, 1967.
Rehearing denied August 31, 1967.
430 P.2d 620.

Robert P. Ryan, James A. Reno, Billings, for appellants.

Louis Forsell and Richard W. Anderson, Billings, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal from a judgment entered in a mandamus action brought in district court.

The appellants in this court were the respondents in the district court mandamus action. The appellants are the City of Billings, its Mayor, City Clerk, and Councilmen and will be referred to collectively as the City, and when necessary, individually, by official city position. The respondents in this court were the relators in the district court and are K. E. Tod, Mark Dalley, and Gretchen Egan. They will be referred to as the Relators.

The record before this court reveals the following facts: On February 7, 1966, the City passed ordinances No. 3195 and 3196, which repealed former prohibitions against dancing in retail liquor establishments and permitted dancing in such establishments, providing certain minimum requirements were met. Within thirty days after the passage of these ordinances, petitions for referendums on the ordinances were circulated and filed with the city clerk.

The petitions for referendums were presented to the city council at its meeting on March 14, 1966, by the clerk. At that same meeting an opinion of the city attorney concerning the

legal validity of the petitions was also presented. When the clerk presented the petitions, he did not make any certification as to the legal sufficiency of the signatures to the petitions. The council voted to "waive legal technical requirements noted by the city attorney and accept petitions pending certification by the city clerk."

An attorney for the relators had attended the March 14th city council meeting. A few days prior to the next council meeting this attorney called the clerk to inquire about the certification the clerk was going to present to the council. When the clerk informed the attorney as to its form, the attorney advised him that it would not meet the requirements of the laws of Montana. However, at the next council meeting on March 21, 1966, the clerk presented his version of the certification.

This certification, after identifying the petitions concerned, simply stated that "it has been determined that five percent (5%) of the qualified electors have not signed either of said petitions." The city council then rejected the petitions on two grounds: (1) that the petitions lacked sufficient legal signatures and (2) that the petitions were not in the proper legal form. The council was of the opinion that the petitions lacked the proper legal form because the petitions did not set forth the full text of the ordinances.

The petitions for referendums set forth the following pertinent information concerning the ordinances: (a) they identified the ordinances by their numbers; (b) they set forth the titles of the ordinances; and (c) they stated that the ordinances had been passed at a regular session of the city council of the City of Billings on February 7, 1966.

On April 4, 1966, the relators instituted their mandamus action seeking to compel the city council to accept the petitions as being in the proper legal form and to compel the city clerk to make his certification in accordance with the form of section 37-103, R.C.M.1947. That same day the district court issued an alternative writ of mandate and an order to show cause.

On April 29 the City filed a motion to dismiss and answer and return to the alternative writ of mandate and order to show cause. On May 2 the Relators filed a motion to strike portions of the City's answer and return. Counsel for both parties stipulated orally that the matters raised by the various motions could be submitted to the district court on the pleadings and written briefs.

On June 13 the district court entered an order which accomplished the following: (1) it denied the City's motion to dismiss; (2) it approved the legal form of the petitions and ordered the city council to accept the petitions as to their legal form; (3) it stated that the city clerk had complied with the provisions of the alternative writ of mandate relating to the essential requirements of his certification; (4) it ordered a hearing to determine the amount of attorney's fees due to relators' attorneys; and (5) it stated that the district court made no finding concerning the validity of the signatures to the petitions for referendums.

A hearing was held to determine the attorneys' fees. On July 18, 1966, a judgment incorporating the order of June 13th was entered fixing reasonable attorneys' fees in the amount of $1,000.00.

The City's brief presents to this court four issues for review and makes various contentions under each of these issues. The main issues presented by this appeal can be stated in this manner: (1) Whether section 37-101, R.C.M.1947, requires that the full text of the ordinance must be set forth in the petition for referendum. (2) Whether the city clerk's certification presented to the city council on March 21, 1966, meets the requirements of section 37-103, R.C.M.1947.

To avoid any confusion, we point out that sections 37-101 and 37-103 refer to petitions for referendums and initiatives which deal with acts of the legislature. Section 11-1113, R.C.M.1947, makes the provisions of the state law relating to initiatives and referendums, with the necessary changes in de-

tail, apply generally to initiatives and referendums at the city or town level. Section 11-1113 does provide for some exceptions, but these exxceptions are not relevant to this case.

To determine the first issue we refer to section 37-101 which sets forth the form of the petition for referendum. In regard to the identification of the act of the legislature to be referred to the voters, this section requires that the petition state the Senate or House Bill Number, the title of the act, and the session of the legislative assembly which passed the act. If we remember to make the necessary changes in detail, we see that the relators' petitions for referendums meet each of these requirements. Each petition states the ordinance number, its title, and the date of the session of the city council of the City of Billings at which the ordinance was passed.

The city council cannot impose the requirement that the petitions set forth the full text of the ordinances if such requirement is not called for by the law which establishes the form of the petitions. The city council was in error in rejecting the petitions as not being in proper legal form, and the district court acted properly in correcting this error.

The reference in the city's brief to the case of Ford v. Mitchell, 103 Mont. 99, 61 P.2d 815, is not relevant since the authority relied on by our court and from which it quoted is an Arkansas case, Townsend v. McDonald, 184 Ark. 273, 42 S.W.2d 410. As stated in that Arkansas case their statutes provide that to every petition for initiative or referendum there shall be attached a full and correct copy of the measure therein mentioned. Montana statutes so provide as to initiative petitions but not as to referendum petitions and for that reason the authority is not applicable here. In the Ford v. Mitchell case, supra, an initiative petition was under consideration and the quoted authority was applicable there for that reason.

To answer the second issue we again address ourselves to the relevant code section which is section 37-103. The simplest method to explain what this section requires is to set

forth the relevant portions of the section which are: "I, * * *, county clerk of the county of * * *, hereby certify that I have compared the signatures on (number of sheets) of the referendum (initiative) petition, attached hereto, with the signatures of said electors as they appear on the registration books and blanks in my office; and I believe that the signatures of (names of signers), numbering (number of genuine signatures), are genuine. As to the remainder of the signatures thereon, I believe that they are not genuine, for the reason that * * *; and I further certify that * * * the following names (* * *) do not appear on the registration books and blanks in my office * * *." Clearly, the form of the city clerk's original certification did not meet the requirements of this section.

The City contends that no demand was made upon the city clerk for such a certification, and therefore, mandamus will not lie to compel his action. The record does not support this contention. There is no ample evidence that demands were made on the city clerk to prepare such certification. An attorney for the relators sought a proper certification and the city council asked the city clerk for a certification. The city council's request for a certification would be meaningless if the city clerk could contend that the city council's request for a certification is not such a request or demand that requires him to present a certification in the form required by law. However, if we assume for the purposes of argument only, the City's contention that no demand was made, we feel that the comments in State ex rel. Malott v. Cascade County, 94 Mont. 394, 406, 407, 22 P.2d 811, 816, are quite appropriate to the instant case: "The general rule which requires a demand before proceeding in court to compel a public officer to perform an act is that it is presumed he will do his duty when a necessity therefor is called to his attention. One should not invoke the process of a court to compel the performance of a duty when the performance can be secured by demand. But where is appears that a demand, if made, would not have been

granted, it is unnecessary \* \* \*. The circumstances considered, it appears to us clearly that the demand, if made, would not have been complied with."

The City's brief urges strongly that the relators' petition for a writ of mandate should have been dismissed for failing to allege the demand on the city clerk and his refusal to comply. Without passing on the validity of the City's contention that such an allegation is not contained in relators' petition for a writ of mandate, we think that such an allegation would simply have been surplusage under the facts of this case. The wording of the City's own brief indicates that a demand by the relators (if such demand was not in fact made and alleged at least indirectly in their petition for a writ of mandate) would have been a futile effort. The City's brief states: "After all, if they (relators) had made formal demand, they *might* have educated the city clerk to the need for a certificate, in which case the clerk *might* have complied with the law." (Emphasis supplied.) Thus, the reasoning of the Cascade County case, supra, fits this case exactly, since the City even now does not contend that the city clerk *would* have complied with a proper demand.

The City's contention that it was denied due process by the lack of a hearing or trial is not supported by a showing that the results would be any different if such hearing or trial had been granted. The issues raised by the pleadings in the Mandamus action were legal questions and did not present any factual questions. The city clerk complied with the alternative writ and prepared a certification in accordance with section 37-103, and the district court ruled on the legal question as to the form of the petitions for referendums. The only factual issue remaining was the determination of the attorney's fees which were determined after a hearing at which both sides presented testimony.

The main theme of the City's entire argument appears to be that in the end the City will show that there are not enough

valid signatures to the petitions for referendums and that the city council was right all the time in rejecting them. If in fact this is true and the City has had the information that will verify that fact, we can only wonder why it did not make a proper certification of the signatures to the petitions in the first instance and make this certification available to relators without forcing them into this mandamus action.

Despite all this, the fact remains that the City is bound to follow the procedures spelled out very carefully in the statutes just as well as the relators.

We have carefully considered each of the issues presented by the City and the various contentions that are made under each of them and deem them all to be without merit.

The judgment appealed from is affirmed.

MR. JUSTICES ADAIR, DOYLE, CASTLES and JOHN CONWAY HARRISON concur.